

FILED

2016 DEC -8 PM 5:12

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>     v.<br><br>CORNERSTONE MANAGEMENT<br>   PROFESSIONALS, INC. (1),<br>ROBERT WALSH (2),<br><br>        Defendants. | Case No. '16 CR 2872 BTM<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec 1343 - Wire Fraud; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(C) and 1956(c)(7)(A) and Title 28, U.S.C., Sec 2461(c) - Criminal Forfeiture |

The grand jury charges:

Counts 1-4
(Wire Fraud)

1.   At all times material to this indictment, defendant CORNERSTONE MANAGEMENT PROFESSIONALS, INC. ("Cornerstone") was a California corporation located in San Diego which is engaged in the business of property management.

2.   At all times material to this indictment, defendant ROBERT WALSH was the owner and operator of Cornerstone.

3.   Starting on an unknown date, but no later than September 2012, and continuing until at least June 2016, the defendants devised a

MKP:es:San Diego:12/7/16

material scheme and artifice to defraud the homeowner's association they represented and for obtaining proceeds of over $247,000 by means of materially false and fraudulent representations and omissions.

4.   It was a part of the scheme and artifice to defraud that the defendants falsely and fraudulently represented that Cornerstone could properly submit bids to the homeowner's association for construction projects as a general contractor because Cornerstone (or a contractor with which they had a partnership) possessed a valid contractor's license in the State of California.

5.   It was a further part of the scheme to defraud that the defendants concealed from the homeowner's association the lowest bids on various civic improvements in order to make it appear as if Cornerstone's bids on various civic improvement projects were the lowest bids available to the homeowner's association.

6.   It was a further part of the scheme to defraud that defendants obtained bids from contractors for various improvement projects on behalf of the homeowner's association, and incorporated the lowest bid into the estimate prepared by Cornerstone and submitted to the homeowner's association, while adding substantial profit, without disclosing the lower bid to the homeowner's association.

7.   It was a further part of the scheme to defraud that after obtaining authorization for a change order for additional charges for asbestos removal from the homeowner's association, defendants falsely represented to the contractor performing the work that the material involved was not asbestos, in order to induce the contractor to conclude the demolition project without involving an asbestos abatement firm so that defendants could retain the entire value of the change order.

2

8.   On or about the dates set forth below, within the Southern District of California, defendants caused to be transmitted by means of wire communications in interstate commerce the writings described below, for the purpose of executing the scheme and artifice to defraud:

| Count | Date | Communication |
|-------|------|---------------|
| 1 | 08-26-14 | Email indicating final approval for pavilion project was received. |
| 2 | 03-26-15 | Email indicating a change order was needed to cover the cost of asbestos removal in clubhouse. |
| 3 | 04-28-15 | Email falsely indicating no asbestos was present in samples taken in the clubhouse. |
| 4 | 12-16-15 | Email indicating that the retaining wall project was nearly completed. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Criminal Forfeiture

9.   Upon conviction for the charges alleged in Counts 1 through 4 of the Indictment, defendants CORNERSTONE MANAGEMENT PROFESSIONALS, INC. and ROBERT WALSH shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Section 1343 of Title 18 of the United States Code, including but not limited to the sum of $247,413.

10.   If any of the above-described forfeitable property, as a results of any act or omission of defendants CORNERSTONE MANAGEMENT PROFESSIONALS, INC. and ROBERT WALSH:

        a.   Cannot be located upon the exercise of due diligence;

        b.   Has been transferred or sold to, or deposited with, a third party;

        c.   Has been placed beyond the jurisdiction of the Court;

        d.   Has been substantially diminished in value; or

1          e.    Has been comingled with other property which cannot be

2                subdivided without difficulty;

3    it is the intent of the United States, pursuant to Title 21,

4    United States Code, Section 853(p), Title 18, United States Code,

5    Section 982(b), and Title 28, United States Code, Section 2461(c) to

6    seek forfeiture of any other property of the defendants up to the amount

7    alleged above as being subject to forfeiture.

8    All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and

9    1956(c)(7)(A) and Title 28, United States Code, Section 2461(c).

10        DATED:  December 8, 2016.

11                                              A TRUE BILL:

12                                              _____

13   LAURA E. DUFFY                             Foreperson
     United States Attorney

14

15   By:

16        MELANIE K. PIERSON
          Assistant U.S. Attorney

17

18

19

20

21

22

23

24

25

26

27

28

                                       4