**FILED**

FEB 2 7 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ,<br><br>                              Plaintiff,<br><br>v.<br><br>CORNERSTONE MANAGEMENT<br>PROFESSIONALS, INC. (D1),<br><br>                              Defendant. | Case No.: 16CR2872-BTM(KSC)-01<br><br>**ORDER DENYING DEFENDANT CORNERSTONE MANAGEMENT PROFESSIONALS, INC.'S MOTION FOR APPOINTMENT OF COUNSEL, AND, APPOINTMENT OF COUNSEL FOR DEFENDANT CORNERSTONE MANAGEMENT PROFESSIONALS, INC.** |

## I.    INTRODUCTION

This is a white collar criminal case against an individual defendant, Robert Walsh ("Walsh"), and his closely held corporation, Cornerstone Management Professionals, Inc. ("Cornerstone" or "Corporation"), on charges of four counts of wire fraud under 18 U.S.C. § 1343 [Doc. No. 1, at p. 3.] The Indictment states, *inter alia*, that defendants Walsh and Cornerstone devised a scheme to defraud a homeowner's association by making numerous materially false and fraudulent representations [Doc. No. 1, at p. 2.] The individual defendant, Walsh, has retained his own counsel, Mark Chambers [Doc. No. 17, at p. 2.] Since the date of arraignment on December 12, 2016, however, corporate defendant Cornerstone has not retained counsel.

A status hearing was held before Magistrate Judge Louisa S. Porter regarding the arraignment on indictment as to Cornerstone. The hearing was continued to December 22, 2016, before Magistrate Judge Andrew G. Schopler. Due to an apparent conflict, the status hearing was instead heard by Magistrate Judge Karen S. Crawford.

At the December 22, 2016, status hearing before Judge Crawford, Mark Chambers, counsel for Walsh, made a "special" appearance on behalf of Cornerstone, and entered a not guilty plea for the corporation [Doc. No. 15]. Mr. Chambers further requested that this Court appoint counsel to represent Cornerstone's interests in this case [*Id.*]. The Court provisionally appointed L. Marcel Stewart as counsel for Cornerstone, and ordered defendant Cornerstone to submit briefing which provided authority for its request for appointment of counsel, and use of public funds to pay for Cornerstone's legal fees.

On December 31, 2016, Cornerstone submitted its Memorandum of Points and Authorities in Support of Application for Appointment of Counsel [Doc. No. 16]. The United States filed a Response and Opposition to Defendant's Motion for Appointment of Counsel Funded by CJA on January 13, 2017 [Doc. No. 46.]. The United States also filed a Supplemental Response and Opposition to Defendant's Motion for Appointment of Counsel Funded by CJA [Doc. No. 30], on February 16, 2017.

The Court held a hearing on January 26, 2017, to resolve two issues: (1) whether the Court has the authority to appoint counsel for Cornerstone; and, (2) if the Court appoints counsel for the Corporation, who is responsible for paying the appointed counsel's fees and costs.

## II. DISCUSSION

### A. THE COURT HAS AUTHORITY TO APPOINT COUNSEL FOR CORNERSTONE

A defendant in a criminal case must be present at the initial appearance, the initial arraignment, the plea, every trial stage, and sentencing, with certain specified exceptions. Fed. R. Crim. P. 43(a). When the defendant is a corporation, however, it is exempt from the Rule if it is represented by counsel who is present, because a corporation is not

1  capable of being physically present at court proceedings. Fed. R. Crim. P. 43(b)(1).

2  Retaining counsel for a corporation is essential, because it cannot appear *pro se* through a

3  corporate officer. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993);

4  *United States v. Unimex, Inc.*, 991 F.2d 546, 549 (9th Cir. 1993). Accordingly, a

5  defendant corporation can only appear in court through licensed counsel. *Id.* In sum,

6  "[a] judgment of conviction of a corporation after a trial where it had not appeared by

7  counsel would therefore be invalid." *United States v. Crosby*, 24. F.R.D. 15, 16

8  (S.D.N.Y. 1959).

9      As applied to this case, defendant Cornerstone has had ample time to retain its own

10  counsel, and failed to do so in a timely manner because it claims to be insolvent.[1]  For the

11  reasons explained above, the Court cannot allow Cornerstone to appear without counsel

12  because it would not be considered "present" in these criminal proceedings. Courts are

13  vested with the "inherent power" to control and "manage their own affairs so as to

14  achieve the orderly and expeditious dispositions of cases." *Link v. Wabash Railroad Co.*,

15  370 U.S. 626, 630-631 (1962); *United States v. Rivera*, 912 F. Supp. 634, 639 (D. Puerto

16  Rico 1996) (court appointed counsel for three corporate defendants who refused to hire

17  their own).  In the interests of justice, when a corporate defendant does not retain counsel

18  in a timely manner, courts have the authority to appoint counsel. *Terry v. Enomot*, 723 F.

19  2d 697 (9th Cir. 1984);  *United States v. OHR, INC. et al*, 14cr1075-GPC (order

20  appointing counsel and corporate representative for corporate defendant who omitted to

21  hire counsel in timely manner).

22

23

24

25  [1]  The Court has reviewed the Supplemental Financial Affidavit which was submitted on behalf of
    Cornerstone [Doc. No. 21, 21-1] on January 16, 2017.  Also reviewed was the United States'

26  Supplemental Response and Opposition to Defendant's Motion for Appointment of Counsel Funded by
    CJA [Doc. No. 30], filed on the February 16, 2017.  Both of these filings raise serious questions about

27  the representations made on behalf of Cornerstone regarding its' alleged financial inability to pay for
    counsel in this action.  This Court need not, however, determine at this time whether in fact Cornerstone

28  is insolvent as alleged.

1      Here, Cornerstone has had ample time to retain its own counsel, and failed to do so
2 in a timely manner. The Court cannot allow Cornerstone to appear without counsel
3 because it would not otherwise be considered "present" for the case. Accordingly, this
4 Court hereby confirms the appointment of L. Marcel Stewart to represent Cornerstone.
5 Mr. Stewart is to be paid by Cornerstone at the prevailing CJA rate.

6
7

## B. CORNERSTONE IS REQUIRED TO PAY FOR ITS APPOINTED COUNSEL FEE, UNLESS IT IS LATER DETERMINED THAT THE CORPORATE VEIL HAS BEEN PIERCED

8      The Sixth Amendment and the Criminal Justice Act ("CJA") 28 U.S.C. § 3006A do
9 not provide corporations with the right to appointed counsel at government expense, even
10 if the corporation does not have sufficient assets to retain its own counsel. *Unimex,* 991
11 F.2d at 550. Courts in this District have interpreted *Unimex* to preclude CJA funds from
12 being used to pay for counsel to represent corporations. *United States v. OHR, INC. et al*,
13 14cr1075-GPC; *United States v. Glamis Dunes Storage, Inc. et al*, 14cr1766-WQH;
14 *United States v. Chan*, 2015 WL 545544 (corporations do not have a Sixth Amendment
15 right to appointed counsel with expenditure of CJA Funds).

16      In both *Glamis* and *OHR*, the Court ordered that counsel be paid at the CJA rate from
17 the assets of the corporation, unless it was later determined at trial before the District
18 Court that the corporation was the alter ego of the individually named defendant(s).
19 *OHR*, 14cr1075-GPC at 4; *Glamis,* 14cr1766-WQH at 4. If it is determined at trial that
20 the corporation was the alter ego of a named defendant, the Court has the discretion to
21 order the individual defendant(s) to pay for the attorney's fees and costs incurred in
22 representing the corporation. *Id.* In addition, the Court has the authority to appoint an
23 individually named defendant who is a corporate officer as the corporate representative,
24 and to hold that individual personally responsible for ensuring that the corporation
25 complies with court orders regarding payments of attorney's fees and expenses. *Id.*

26      Here, Cornerstone must pay for its appointed counsel, because CJA funds may not be
27 used to pay for a corporations appointed counsel. Defendant Walsh is hereby appointed
28 as the corporate representative to ensure that Cornerstone complies with this Order, and

1  that the corporation make timely payments to appointed counsel for all fees and costs

2  associated with representing Cornerstone.  If at any time during the criminal trial it is

3  determined that Cornerstone's corporate veil has been pierced, then defendant Walsh may

4  be legally obligated to pay Cornerstone's appointed counsel's fee. *See Seymour v. Hull*

5  *& Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979).

6

7                              **III.   CONCLUSION**

8        Accordingly, it is **HEREBY ORDERED**:

9     1. Attorney L. Marcel Stewart is confirmed as counsel of record to represent

10         defendant Cornerstone.  This Order is not made under the Criminal Justice Act.

11         The fees and expenses of Mr. Stewart shall be paid, however, at the CJA rate of

12         $129.00 per hour from the assets and properties of Cornerstone, unless the District

13         Court later determines that the Corporation is he alter ego of defendant Robert

14         Walsh.  In that event, defendant Walsh will retroactively be personally liable for all

15         costs and fees associated with the defense of Cornerstone in this litigation.

16     2. Robert Walsh, Owner and Operator of Cornerstone, is appointed as corporate

17         representative for Cornerstone.  In this capacity he is personally responsible for

18         ensuring that Cornerstone complies with all Court Orders, including this Order

19         regarding payment of attorney's fees and expenses.  Failure to comply with these

20         responsibilities will result in defendant Walsh being subject to criminal contempt.

21     3. To the extent that counsel has not yet submitted a fee bill for his services, he shall

22         do so within thirty (30) days of this Order.  Such invoice and any future invoices

23         for legal fees and costs associated with the representation of Cornerstone shall be

24         submitted to Robert Walsh as corporate representative for Cornerstone, which

25         payment is to be made by Cornerstone within thirty (30) days of Mr. Stewart

26         submits the Cornerstone invoice to defendant Walsh.  Failure by Cornerstone to

27         submit prompt payment to Mr. Stewart are to be promptly brought to the attention

28  //

of this Court for noncompliance and the possible imposition of penalties or sanctions.

**IT IS SO ORDERED**

DATED: February 24, 2017

Hon. Karen S. Crawford
U.S. Magistrate Judge
United States District Court